IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DARRELL JONES, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | CIVIL NO. 09-cv-228-DRH |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM AND ORDER**

**HERNDON, Chief Judge:**

This cause is before the Court on Petitioner's motion to proceed *in forma pauperis* (Doc. 4). Petitioner, an inmate in the United States Medical Center for Federal Prisoners (USMCFP) located in Springfield, Missouri, to challenge his conviction in this court on four counts of distributing cocaine base. *See United States v. Jones*, No. 01-30154-GPM (S.D. Ill.).

Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases. After carefully reviewing the petition in the present case, the Court concludes that Petitioner is not entitled to relief, and the petition must be dismissed.

**DISCUSSION**

At the outset, the Court notes that Petitioner is currently confined at the USMCFP. As noted above, USMCFP is located in Springfield, Missouri. Springfield, Missouri, is located in Greene County, Missouri. Greene County, Missouri, is within the boundary established for the United States District Court for the Western District of Missouri, Southern Division. 28 U.S.C. § 105(b)(5) Accordingly, neither Petitioner nor his immediate custodian (the warden at USMCFP) is located within the geographical boundaries of the Southern District of Illinois.

Congress has provided that a district court may issue a writ of habeas corpus only "within [its] respective jurisdiction." 28 U.S.C. 2241(a). This means that, usually, the named custodian must reside in the geographical confines of the federal district where the habeas petition is filed. *See Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004). There are two exceptions to this rule: (1) that a prisoner serving a state criminal sentence in a state that contains more than one federal district may file in either district, *see* 28 U.S.C. § 2241(d); and (2) that a federal prisoner collaterally attacking his criminal sentence may do so only in the district where the sentence was imposed, *see* 28 U.S.C. § 2255.[1] The first exception is not relevant here.

With regard to the second exception, normally a person may collaterally challenge his federal conviction only by means of a motion brought before the sentencing court pursuant to 28 U.S.C. § 2255, and this remedy usually supersedes the writ of habeas corpus. A § 2241 petition by a federal prisoner is generally limited to challenges to the execution of the sentence. *Valona v. United States,*

---

[1]There is also a judicially-crafted exception created by *Braden v. 30th Jud. Cir. Ct. of Kentucky,* 410 U.S. 484, 494-95 (1973). After Braden, "[p]risoners under penal obligation to two jurisdictions may seek collateral relief from both." al-Marri v. Rumsfeld, 360 F.3d 707, 711 (7th Cir.2004) (discussing Braden). This exception is not relevant here.

138 F.3d 693, 694 (7th Cir. 1998); *Atehortua v. Kindt,* 951 F.2d 126, 129 (7th Cir. 1991). *See also Waletski v. Keohane*, 13 F.3d 1079, 1080 (7th Cir. 1994) ("prisoner who challenges his federal conviction or sentence cannot use [§ 2241] at all but instead must proceed under 28 U.S.C. § 2255."). However, a petition challenging the conviction may be brought pursuant to 28 U.S.C. § 2241 if the remedy provided by 28 U.S.C. § 2255 is inadequate or ineffective.

Petitioner acknowledges that he waived his right to bring a § 2255 motion as part of his plea agreement. *See United States v. Jones,* No. 01-30154 (S.D. Ill) (plea agreement - Doc. 23, Dec. 12, 2001). Nevertheless, Petitioner contends that he is one of those for whom the § 2255 motion is inadequate or ineffective to test the legality of his detention. However, the fact that Petitioner may be barred from bringing a § 2255 petition is not, in itself, sufficient to render it an inadequate remedy. *In re Davenport,* 147 F.3d 605, 609-10 (7th Cir. 1998) (§ 2255 limitation on filing successive motions does not render it an inadequate remedy for a prisoner who had filed a prior Section 2255 motion). Further, "[f]ailure to comply with the requirements of the § 2255 statute of limitations is not what Congress meant when it spoke of the remedies being 'inadequate or ineffective to test the legality of his detention.'" *Montenegro v. U.S.*, 248 F.3d 585 (7th Cir. 2001), *overruled on other grounds*, *Ashley v. United States*, 266 F.3d 671 (7th Cir. 2001).[2] *See also Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000) ("Neither will a claim of procedural bar suffice to demonstrate that § 2255 relief is inadequate or ineffective."); *United States v. Barrett*, 178 F.3d 34, 49- 50 (1st Cir. 1999), *cert. denied*, 528 U.S. 1176 (2000); *Triestman v. United States*, 124 F.3d 361, 376 (2d Cir. 1997) (noting that § 2255's substantive and procedural barriers by themselves do not

---

[2] *Ashley* overruled only Part III of *Montenegro*. *Ashley* held that a decision that a right initially recognized by Supreme Court is retroactively applicable to cases on collateral review, as will begin one-year limitations period under Antiterrorism and Effective Death Penalty Act (AEDPA), can be made by a Court of Appeals or a district court, as well as by Supreme Court. *Ashley*, 266 F.3d at 674.

establish that § 2255 is inadequate or ineffective); *In re Dorsainvil*, 119 F.3d 245, 251 (3ᵈ Cir. 1997). Instead, a petitioner under § 2241 must demonstrate the inability of a § 2255 motion to cure the defect in the conviction.

In *Davenport*, the Seventh Circuit considered the meaning of "inadequacy" for purposes of § 2255. The Circuit stated that "[a] procedure for post-conviction relief can fairly be termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as **having been imprisoned for a nonexistent offense**." *Davenport,* 147 F.3d at 611 (emphasis added).

> Every court that has addressed the matter has held that § 2255 is "inadequate or ineffective" only when a structural problem in § 2255 forecloses even one round of effective collateral review – and then only when as in *Davenport* the claim being foreclosed is one of actual innocence. *See, e.g., Cradle v. United States ex rel. Miner*, 290 F.3d 536, 538-39 (3ᵈ Cir. 2002); *In re Jones*, 226 F.3d 328, 333-34 (4ᵗʰ Cir. 2000); *Reyes-Requena v. United States*, 243 F.3d 893, 902-03 (5ᵗʰ Cir. 2001); *United States v. Peterman*, 249 F.3d 458, 462 (6ᵗʰ Cir. 2001); *Wofford v. Scott*, 177 F.3d 1236, 1244 (11ᵗʰ Cir. 1999).

*Taylor v. Gilkey*, 314 F.3d 832 ,835-36 (7ᵗʰ Cir. 2002).

When, then, may a petitioner successfully argue that he is "actually innocent" under *Davenport*? The Seventh Circuit recently clarified this standard, stating that "actual innocence" is established when a petitioner can "admit everything charged in [the] indictment, but the conduct no longer amount[s] to a crime under the statutes (as correctly understood)." *Kramer v. Olson*, 347 F.3d 214, 218 (7ᵗʰ Cir. 2003).

Such is not the case here. Petitioner does not suggest that the charged conduct is no longer a crime. Instead Petitioner asserts claims of lack of probable cause to arrest him, and that he should

4

have been tried in state court first.[3]  However, even if Petitioner were correct that he can proceed with his § 2241 action- which the Court finds he is not - Petitioner's immediate custodian is not located within this district.

## DISPOSITION

Petitioner's motion to proceed *in forma pauperis* (Doc. 4) is **GRANTED.**  Because § 2241 cannot provide Petitioner with the desired relief, this action is summarily **DISMISSED** with prejudice.   All pending motions are **DENIED** as moot.

**IT IS SO ORDERED**.

DATED:October 22, 2009


/s/     DavidRHerndon
**DISTRICT JUDGE**

---

[3]This is Petitioner's second attempt to challenge his conviction by means of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  *See Jones v. United States,* No. 3:07-cv-682-WDS (S.D. Ill.).  The prior petition was summarily dismissed with prejudice.